UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MATTHEW DEROCHA,

                                    **Plaintiff,**

   vs.                                                          **5:26-CV-698**
                                                                      **(MAD/MJK)**

TOWN OF CAMILLUS POLICE DEPARTMENT,

                                    **Defendant.**

---

**APPEARANCES:**                          **OF COUNSEL:**

**MATTHEW DEROCHA**
North Syracuse, New York
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

*Pro se* Plaintiff Matthew DeRocha filed a complaint in this action on April 10, 2026. *See* Dkt. No. 1. Plaintiff seeks to sue the "Town of Camillus Police Department and police involved" for "any violation of civil rights" related to his arrest on February 1, 2024, and an associated criminal contempt charge. *Id.* Plaintiff also moved to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2. On April 21, 2026, Magistrate Judge Mitchell J. Katz granted Plaintiff's IFP motion and issued an Order and Report-Recommendation recommending that Plaintiff's complaint be dismissed for failure to name a proper defendant and comply with Rule 8 of the Federal Rules of Civil Procedure. *See* Dkt. No. 5. Magistrate Judge Katz recommended allowing Plaintiff the opportunity to amend the complaint. *See id.* On June 5, 2026, before this Court issued a decision on the Order and Report-Recommendation, Plaintiff filed an amended complaint. *See* Dkt. No. 8. Plaintiff did not file any objections.

1

When a party files specific objections to a magistrate judge's report-recommendation and order, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A proper objection must be timely, specific, and "not raise new arguments not previously made before the magistrate judge." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358 (2d Cir. 2025) (citation omitted). When a party declines to file objections, or "fails to properly object[,]" the district judge reviews the report-recommendation for clear error. *Id.* at 358-59. After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Here, because Plaintiff did not file any objections, the Court will review Magistrate Judge Katz's recommendations for clear error.

Although "the filing of an amended [c]omplaint supersedes a plaintiff's original complaint in all respects," *Praileau v. Fischer*, 930 F. Supp. 2d 383, 388 (N.D.N.Y. 2013) (citations omitted), it "does not moot a pending report-recommendation that identifies pleading defects in the original complaint when those defects remain in the . . . amended complaint." *Id.* at 389. "A district court retains the authority—and indeed the duty—to *sua sponte* review the pleading sufficiency of th[e] amended complaint." *Id.*

The Court finds no clear error in Magistrate Judge Katz's Order and Report-Recommendation. Magistrate Judge Katz correctly explained that the Town of Camillus Police Department cannot be sued as an entity separate from the Town of Camillus itself. *See* Dkt. No. 5 at 5; *see, e.g.*, *Qader v. New York*, 396 F. Supp. 2d 466, 469 (S.D.N.Y. 2005) ("Because the New Rochelle Police Department is not a 'suable entity' under 42 U.S.C. § 1983, plaintiff's action effectively is against the City of New Rochelle"). Likewise, he accurately concluded that

2

Plaintiff's complaint does not state a claim against the Town of Camillus because there are no allegations about an unconstitutional policy, custom, or practice. *See* Dkt. No. 5 at 6-7; *see also Palmer v. City of New York*, 564 F. Supp. 3d 221, 239 (E.D.N.Y. 2021) ("A plaintiff who seeks to hold a municipality liable under Section 1983 must allege (i) 'an official policy or custom' that (ii) 'cause[d] the plaintiff to be subjected to' (iii) a 'denial' of a federally guaranteed right") (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)). The Court finds no clear error in the recommendations to dismiss those purported claims.

Magistrate Judge Katz recommended granting Plaintiff leave to amend the original complaint. *See* Dkt. No. 5. Finding no clear error, the Court will adopt the recommendation that the complaint be dismissed without prejudice and with opportunity to amend. However, Plaintiff has already filed an amended complaint. *See* Dkt. No. 8.

Plaintiff's amended complaint appears to be an attempt to correct the defects in the original complaint identified by Magistrate Judge Katz by naming specific police officers as Defendants and omitting the Town of Camillus Police Department as a defendant. *See id.* "It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)). "However, the amended complaint must be reviewed to determine whether Plaintiff has corrected the pleading defects . . . (and/or if the amended complaint asserts new claims plagued by other pleading defects)." *Jarvis v. Knapp*, No. 5:25-CV-1167, 2025 WL 2926959, *4-5 (N.D.N.Y. Oct. 15, 2025). Accordingly, the Court refers the amended complaint to Magistrate Judge Katz to analyze the new claims in the first instance pursuant to 28 U.S.C. § 1915.

After carefully reviewing the Order and Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Katz's Order and Report-Recommendation (Dkt. No. 5) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's original complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE**; and the Court further

**ORDERS** that Plaintiff's amended complaint (Dkt. No. 8) is deemed the operative pleading in this action; and the Court further

**ORDERS** that the Clerk of Court shall amend the case caption to terminate the Town of Camillus Police Department as a defendant and name A. Rachubka and D. Edick as Defendants as named in Plaintiff's amended complaint; and the Court further

**ORDERS** that Plaintiff's amended complaint (Dkt. No. 8) is referred to Magistrate Judge Katz for review of its pleading sufficiency pursuant to 28 U.S.C. § 1915; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  June 25, 2026
        Albany, New York

Mae A. D'Agostino
U.S. District Judge

4