UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MATTHEW DEROCHA,

                          Plaintiff,

   vs.                                                    5:26-CV-698
                                                                (MAD/MJK)
A. RACHUBKA and D. EDICK,

                          Defendants.

---

APPEARANCES:                                OF COUNSEL:

MATTHEW DEROCHA
North Syracuse, New York
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

*Pro se* Plaintiff Matthew DeRocha filed a complaint in this action on April 10, 2026, against the "Town of Camillus Police Department and police involved" for "any violation of civil rights" related to his arrest on February 1, 2024, and an associated criminal contempt charge. *See* Dkt. No. 1. Plaintiff also moved to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2. On April 21, 2026, Magistrate Judge Mitchell J. Katz granted Plaintiff's IFP motion and issued an Order and Report-Recommendation recommending that Plaintiff's complaint be dismissed for failure to name a proper defendant and comply with Rule 8 of the Federal Rules of Civil Procedure. *See* Dkt. No. 5. Magistrate Judge Katz recommended allowing Plaintiff the opportunity to amend the complaint. *See id*. On June 5, 2026, before this Court issued a decision on the Order and Report-Recommendation, Plaintiff filed an amended complaint. *See* Dkt. No. 8. Plaintiff did not file any objections.

1

On June 25, 2026, the Court issued an Order adopting Magistrate Judge Katz's Order and Report-Recommendation and referring Plaintiff's amended complaint to Magistrate Judge Katz to review it for pleading sufficiency pursuant to 28 U.S.C. § 1915. *See* Dkt. No. 9. For the reasons stated in that Order, the Court terminated Town of Camillus Police Department as a defendant and added A. Rachubka and D. Edick as Defendants. *See id.*

On June 29, 2026, Magistrate Judge Katz issued a Report-Recommendation, recommending that the Court dismiss the amended complaint without prejudice and with leave to amend. *See* Dkt. No. 10. The deadline to file objections was July 13, 2026. On July 15, 2026, Plaintiff filed a two-page letter explaining that he is "having a hard time" understanding precisely what he is supposed to do in this case and that he is homeless and does not have a vehicle. Dkt. No. 11. Plaintiff contends that he is continuously harassed by police officers and that the criminal charges against him remain pending. *See id.* He notes that he has additional charges related to driving while ability impaired that are pending. *See id.* Plaintiff did not file objections to Magistrate Judge Katz's Report-Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation and order, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A proper objection must be timely, specific, and "not raise new arguments not previously made before the magistrate judge." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358 (2d Cir. 2025) (citation omitted). When a party declines to file objections, or "fails to properly object[,]" the district judge reviews the report-recommendation for clear error. *Id.* at 358-59. After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

2

Here, because Plaintiff did not file any objections, the Court will review Magistrate Judge Katz's recommendations for clear error.

Magistrate Judge Katz correctly explained and concluded that Plaintiff "fails to allege what, if any, harm *Defendants* caused him." Dkt. No. 10 at 9. A plaintiff is "obligated to plead and/or allege the 'personal involvement of defendants in alleged constitutional deprivations [a]s a prerequisite to an award of damages under [42 U.S.C.] § 1983.'" *Fedele v. Harris*, 69 F. Supp. 3d 313, 320 (N.D.N.Y. 2014) (quoting *Provost v. City of Newburgh*, 262 F.3d 146, 154 (2d Cir. 2001)). In other words, "if [a plaintiff] seeks to sue individuals who allegedly violated his rights, he must name them in the caption of his complaint *and* set forth specific allegations of wrongdoing as to each individual in the body of his complaint." *Purdie v. Mahoney*, No. 9:05-CV-705, 2005 WL 3050969, *1 (N.D.N.Y. Nov. 14, 2005). Likewise, "Rule 8 of the Federal Rules of Civil Procedure 'demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Jones v. Farney*, No. 1:23-CV-563, 2023 WL 4565384, *1 (N.D.N.Y. June 16, 2023), *R. & R. adopted*, 2023 WL 4562501 (N.D.N.Y. July 17, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (emphasis omitted).

Plaintiff has failed to explain how the named Defendants allegedly harmed him. His amended complaint must be dismissed, but because he is *pro se*, the Court will afford him another opportunity to amend his complaint. The Court cautions that leave to amend does have an end; therefore, Plaintiff should heed the opinions of Magistrate Judge Katz and the Court and review the unpublished cases that have been provided to him which were cited in the two Report and Recommendations before filing a second amended complaint.

After carefully reviewing the Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

3

**ORDERS** that Magistrate Judge Katz's Order and Report-Recommendation (Dkt. No. 10) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's amended complaint (Dkt. No. 8) is **DISMISSED without prejudice and with leave to amend**; and the Court further

**ORDERS** that Plaintiff shall file a second amended complaint within **thirty (30) days** of the date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within **thirty (30) days** of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case, without further order of this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  August 3, 2026
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

4